Frost J.
delivered the opinion of the Court.
The case of Gibbes v. Chisolm, 2 N. & M’C., 38, decided that a stipulation, in the condition of a bond, to pay the interest at a day certain, created a distinct debt; and that in default of payment, the obligor was liable to pay interest on the interest reserved. It was said, the effect ot such a stipulation was the same as if a bond had been taken for the principal, and a note for the interest. The liability of the defendant to pay interest on the interest which accrued on his bond, was rested on his express contract—such a contract will not be implied. If, *429 therefore, by the terms of the condition the interest is not made payable at a day certain, but the time of payment is left indefinite, it is not chargeable with interest.
The first bond illustrates both of these propositions. It is dated the 15th March, 1834, and conditioned to pay 8933,33, “with interest from the date,” on or before the 15th March, 1835. The engagement to pay the interest, at the expiration of the year, is as express as to pay the principal. If interest had not been mentioned, the principal would have carried interest from the day it was payable, as a liquidated demand. So, if a note had been given for the interest, payable the 15th March, 1835, interest would have been recoverable on the note from the time it was payable. The stipulation, in the condition, -to pay the first years’ interest, at the day appointed, creates an obligation as distinct and certain as if a note had been given for the amount. There is no reason why interest should not be recovered on the contract, expressed in the condition, as well as on the note. But n-o time is limited for the payment of the interest which may accrue after the first year. It can be demanded only as an accessory of the principal. It is only by express contract that interest loses the character of an incident to debt. If no contract be made for the payment of interest at a time certain, the law will not imply an agreement, for the purpose of converting interest into principal. The proper mode of ascertaining the sum due on the first bond, is, to compute interest on the aggregate of principal and interest which was due on the 15th March, 1835. This rule is conformable to the decision in Doig Administrator, v. Barkley & Cathcart, (M.S.) decided at the special Term in August, 1846; and does not conflict with Singleton v. Lewis, 2 Hill, 409, in which, by the condition of the bond, the interest was payable annually.
The second and third bonds are also dated 15th March, 1834, and conditioned to pay $933,33, with interest from the date, payable annually, on or before the 15th March, 1836 and 1837, respectively .If the words “payable annually,” were struck out of the condition, the debt would not bear interest until it was payable, at the end of two or three years from the date of the bonds. The most obvious application of the words, “payable *430 annually,” would be to prevent such a consequence, and to secure to the obligee the annual payment ofthe interest until the debt should become payable. Such an application satisfies the purpose of introducing them. It is necessary, because thereby the immediate interest of the creditor is secured; and it is sufficient, because thereby the contract is perfected. Those words cannot be applied to a period subsequent to the time the bonds are made payable, unless it be assumed that, by inserting them, the parties intended to provide against the contingency that the bonds should net be paid when due. It would be more reasonable to presume that, in the insertion of terms, fit and proper for that purpose, the attention ofthe parties was directed to the completion ofthe contract, with a view to its performance rather than that they were providing against the breach of it. If this had been their object, it would have been more directly and plainly effected by an agreement, that, if the debt was not paid when due, the interest should be paid annually, until it was paid in full. Though the case ol Gibbes v. Chisolm does not, in a very clear and explicit manner, limit the stipulation for the payment of interest annually, to that which may accrue before the bond becomes payable, yet it has been very generally so received; and the practice of a large part of the profession has conformed to that view ofthe case. It was tried before Johnson J., who well understood its scope. In Singleton v. Bremar, 2 Hill, 409, in commenting on the case of Gibbes v. Chisolm, he thus states the rule established by it: “if a bond bo conditioned for the payment of interest annually on the principal sum, the interest shall carry interest, if not paid at the day.” That, however, was a case in which the payment of the principal debt was, by the condition ofthe bond, postponed for several years; and the condition, with respect to the interest, was, that it should, ad interim, be paid annually.
Conformably to this view of the case of Gibbes v. Chisolm, the mode of stating the sum due on the second and third bonds, is, to compute interest on the annual interest which accrues, until the bonds are payable. Interest is not chargeable on the annual interest which may accrue, after that time. So that on the second bond, interest is to be computed on two years annual *431 interest only; and on the third bond, on three years ar.nual interest only.
The 3d ground of appeal presents the question, how a payment shall be applied that is made before either principal or interest is due on a bond.
The authorities are not very uniform on this subject. In some cases the payment is treated as a deposite, until the principal debt or the interest on it becomes payable; and interest is computed on the payment, from the time it is made, to the end of the year. The interest is also computed on the principal debt to the end of the year; and then, the aggregate of the payment and the interest on it is deducted from the aggregate of the debt and interest. Another mode is, to credit the payment when made, on the aggregate of the principal debt and of the interest, computed to the time of payment; Williams v. Houghtaling, 3 Cowen, 86, and the cases there collected. The latter mode is best supported by the authorities. The immediate application of the payment towards the discharge of the debt, seems most consistent with the intention of the party in making it; and with the general rule, by which payments are first applied towards the extinguishment of the interest. This mode is also more simple and common. When neither principal nor interest is due, there is no rule of law to determine the application of a payment to either, in preference of the other.
When a payment is made on a bond, before either principal or interest is due, and the debtor does not direct the application, it should be deducted from the aggregate of the principal and interest due at the time of payment, if the payment exceeds the amount of interest then due; and if the payment does not exceed the interest then due, it shall be applied towards the extinguishment of the interest.
The exception to the instruction of the Circuit Judge on this point is sustained; but the result of a statement of the bonds in the manner directed by the Circuit Judge, would differ so little from that whicn would be obtained by observing the rule adopted by this Court, (not much exceeding a dollar) that the motion for a new trial, on account of that error, must be refused on the principle of de minimis. It will be seen, by the report of the *432 case, that the important ¡issues relaíesj to large credits, which the defendant claimed, and which were found for him by the jury. Neither party has presented arty objection to the verdict on these issues; and it is to be inferred that they acquiesce in it. But it appears from a statement of the bonds, made by the clerk of the Court, according to the principles herein affirmed, as they apply to the plaintiff’s case, that a balance of thirty-three dollars and two cents remains unpaid on the bonds. This is a matter of arithmetical certainty, which is not subject to the discretion of a jury, nor can they disregard it; nor is it supposed they did; but that they became embarrassed by the intricacy and extent of the account, and being unable to decide with accuracy the balance due, which was admitted to be inconsiderable, they solved their difficulties by a verdict for the defendant. The plaintiff is entitled to enter judgment for the penalty, i'the bond is not paid in full. The defendant did tender an amount in payment of the bonds, which was insufficient. Pie was bound to tender the exact sum; and an insufficient tender cannot prevent a judgment for the plaintiff for the balance which is due. •
In granting a new trial nisi, all the benefit of a new tria), which the plaintiff has claimed by his appeal, will be secured to him; and it is optional with the defendant to accept or refuse the terms which arc proposed.
It is ordered that a new trial be granted, unless the delendant do, within one month after the filing of this decision, pay into Court, for the use of the plaintiff, thirty-three dollars and two cents, with interest from the 1st of September, 1845, and the costs of the suit.